**ORIGINAL**

# In the United States Court of Federal Claims

No. 18-293C

(Filed: June 18, 2018)

**(NOT TO BE PUBLISHED)**

**FILED**
**JUN 1 8 2018**
**U.S. COURT OF FEDERAL CLAIMS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL HARRIS,

        Plaintiff,

v.

UNITED STATES,

        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Michael Harris, *pro se*, Los Angeles, California.

Margaret J. Jantzen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the motion were Chad A. Readler, Acting Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

    Plaintiff, Michael Harris, brings suit against the United States based on actions of the Social Security Administration, alleging fraudulent misrepresentations by the Administration which resulted in denial of medical care and forfeiture of his First Amendment rights. Compl. at 3.[1] The court granted Mr. Harris's motion to proceed *in forma pauperis* on April 18, 2018. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted, Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 7, which motion is ready for disposition.

---

[1] Because the complaint is inconsistently paginated, citations to particular pages will be to the actual sequential order in which they appear, rather than to the handwritten pagination shown.

## BACKGROUND

This is the third case Mr. Harris has filed in this court in recent months. *See Harris v. United States*, No. 17-1247C, 2017 WL 4249920 (Fed. Cl. Sept. 26, 2017); *Harris v. United States*, No. 17-1505C, 2018 WL 833936 (Fed. Cl. Feb. 13, 2018). The prior cases involved allegations of various criminal and tortious conduct on the part of California state courts, the Los Angeles County Sheriff's Department, the United States Attorney General, and the United States Postal Service. Both cases were dismissed for lack of jurisdiction and failure to state a claim.

Mr. Harris incorporates new allegations into the present complaint, namely that the Social Security Administration fraudulently misrepresented that it would provide medical care to him. Compl. at 3. He contends that the misrepresentation was made in bad faith and left him "stranded and hostage to a corrupt California judicial branch predicated on extortion, suppression, oppression, and an appearance of Marxism." Compl. at 3. Mr. Harris appends to his complaint portions of a Medicaid website which he appears to allege contain the misrepresentations. *See* Compl. at 4-6. He also contends that the misrepresentation resulted in the "absolute forfeiture" of his First Amendment rights. Compl. at 3. He further avers that the Superior Court of California implemented a "vexatious litigant list to prevent the petitioner from being able to file civil actions." Compl. at 3.

As a remedy, Mr. Harris requests $5,000,000 in damages to cover pain and suffering. Compl. at 2. He also seeks lifetime coverage of quality healthcare services, including outpatient recovery accommodations such as "[a] house, therapy, [and] in[-]home care giver services." Compl. at 2.

## STANDARDS FOR DECISION

As plaintiff, Mr. Harris has the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). The leniency afforded a *pro se* litigant as to formalities does not relieve his or her from meeting their jurisdictional burden. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives sovereign immunity and allows a plaintiff to sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), but does not provide a plaintiff with any substantive rights, *United States v. Testan*, 424 U.S. 392, 398 (1976). To establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," *i.e.*, a money-mandating provision of law. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *Mitchell*, 463 U.S. at 216; *Testan*, 424 U.S. at 398).

"If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74

U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis added).

## ANALYSIS

Mr. Harris's claim that the Social Security Administration made fraudulent misrepresentations regarding his medical coverage is outside this court's jurisdiction and must be dismissed. This court does not have jurisdiction over claims arising under the Social Security Act. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). Exclusive jurisdiction over actions regarding Social Security benefits is conferred upon federal district courts by the Social Security Act. *See* 42 U.S.C § 405(g)-(h).

Likewise, claims sounding in tort are outside the scope of this court's jurisdiction. *See* 28 U.S.C. §1491(a)(1); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). Fraudulent misrepresentation is a claim sounding in tort, over which this court has no jurisdiction. *See Shearin*, 992 F.2d at 1197.

Nor can this court exercise jurisdiction over Mr. Harris's claimed constitutional violation of the First Amendment because that Amendment is not a money-mandating constitutional provision. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[The First Amendment] does not provide persons aggrieved by governmental action with an action for damages in the absence of some other jurisdictional basis."). Further, even if the First Amendment were money-mandating, Mr. Harris has failed to plead any factual material that could raise any right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

To the extent Mr. Harris alleges that the Medicaid website creates an implied-in-fact contract between himself and the United States, those claims must be dismissed for failure to state a claim on which relief can be granted. A binding implied-in-fact contract requires mutuality of intent to contract, consideration, and lack of ambiguity in offer and acceptance. *City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990). Further, when the United States is a party, a representative with actual authority to bind the government must enter into or ratify any agreement. *Id.* Mr. Harris does not allege that a representative with authority to bind the government into contract entered into agreement with him, and any assertion that the Medicaid website creates an implied-in-fact contract is beyond the realm of plausibility and is contrary to this court's precedent.

Finally, to the extent Mr. Harris seeks to assert claims arising out of the alleged conduct of state governments, state agencies, or private actors, those claims must be dismissed for lack of jurisdiction. This court exercises jurisdiction over "claim[s] against the United States," not claims against private or state actors. 28 U.S.C. § 1491(a)(1); *see also Moore v. Public Defender's Office*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Thus, Mr. Harris's claim against the Superior Court of

California, alleging the implementation of a vexatious litigant list prohibiting him from being able to file civil actions, is outside this court's jurisdiction and must be dismissed.

In short, Mr. Harris's complaint alleges claims regarding Social Security benefits, First Amendment violations, claims sounding in tort, and claims against state actors—all of which are outside this court's jurisdiction. To the extent Mr. Harris alleges the existence of an implied-in-fact contract, such claim would be within this court's jurisdiction, but he fails to state a claim on which relief can be granted. Because Mr. Harris has failed to plead any facts that would give rise to jurisdiction in this court and has failed to state a claim on which relief can be granted, his complaint must be dismissed.

## CONCLUSION

For the reasons stated, defendant's motion to dismiss is GRANTED. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge